Cottle *v.* Cottle.

## COTTLE *vs.* COTTLE.

Where the prevailing party in a cause tried by jury, previous to the trial, but during the same term, conveyed one of the jurors several miles, in his own sleigh, to the house of a friend, where he was hospitably entertained for the night; the verdict was, for this reason, set aside.

A verdict in this action having been rendered for the plaintiff, the defendant moved the court to set it aside, for causes which are sufficiently apparent in the opinion of the Court, which was delivered by

WESTON J. The party obtaining a verdict in this case, did, during the session of the court at which his action was tried, carry one of the jury to whom his cause was submitted, knowing him to be a juror, several miles in a sleigh to the house of a friend of the party, where the juror was gratuitously provided with refreshment and lodging. Whether furnished at the party's own house, or at the house of another by his procurement, either as an act of hospitality, or for a pecuniary compensation to be paid by the party, it is equally exceptionable. This is by statute made a sufficient reason, at the discretion of the court, to set aside the verdict. *Stat.* 1821, *ch.* 84, *sec.* 15. There is no doubt also that at common law, independent of the statute, it would afford just ground for the interposition of the court. There is too much reason to believe that the party intended to practice with the juror. He sought his society, and attempted to impress his mind with the justice of his claim. It is insisted that the juror was not in fact influenced, and that justice has been done between the parties. It may be so; but it may be useful to the party to learn that a good cause may be injured, but cannot be promoted, by conduct of this sort, and to the public generally, to know that it will be tolerated in no case whatever.

*New trial granted.*

*R. Williams,* for the plaintiff.

*W. W. Fuller,* for the defendant.